UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CAROLYN POOLE,

               Plaintiff,

    -against-

J B HUNT TRANSPORT, INC.; and RYAN SNELLING,

               Defendants.
----------------------------------------------------------------X

**ORDER**

18-CV-1354 (NGG) (SJB)

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Carolyn Poole alleges that in October 2015, an automobile owned by Defendant J B Hunt Transport, Inc., and driven by Defendant Ryan Snelling collided with her automobile on a public street in Queens. (Compl. (Dkt. 1-1 at ECF p.3) ¶¶ 3-7.) She filed this personal-injury action in the New York Supreme Court, Queens County. (Id. at 1; Notice of Removal (Dkt. 1) ¶ 1.) Invoking this court's diversity jurisdiction, Defendants removed the case to federal court. (Notice of Removal ¶¶ 5-8.) The parties now stipulate that Plaintiff seeks no more than $74,999 in damages, and they jointly move for the court to remand this case to state court for lack of subject-matter jurisdiction. See 28 U.S.C. § 1332(a). (Mot. to Remand (Dkt. 10); Stip. of Remand (Dkt. 10-1).) The parties' joint motion is GRANTED.

    Ordinarily, the existence of subject-matter jurisdiction over a case removed from state court is determined at the time of removal. Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). When "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Where, however, the amount in controversy was ambiguous at the time of removal, a plaintiff

1

may obtain remand by stipulating to an amount in controversy below the federal jurisdictional requirement, at least if the stipulation is "legally binding on all plaintiffs." Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595-96 (2013); see, e.g., Foley v. CVS Pharmacy, Inc., No. 17-CV-1631 (VAB), 2017 WL 5900956, at *2 (D. Conn. Nov. 30, 2017); Arter v. Pathmark Stores, Inc., No. 14-CV-6933 (ERK), 2014 WL 7426792, at *2 (E.D.N.Y. Dec. 31, 2014). In such a case, the "plaintiff's stipulations may be considered as clarification of the 'jurisdictional facts existing at the time of removal, if the complaint was ambiguous or silent as to the precise amount in controversy.'" Arter, 2014 WL 7426792, at *2 (quoting Ryan v. Cerullo, 343 F. Supp. 2d 157, 159 (D. Conn. 2004)); see generally Luce v. Kohl's Dep't Stores, Inc., 23 F. Supp. 3d 82, 85-86 (D. Conn. 2014) (explaining why remanding diversity cases in which the plaintiff stipulates to less than $75,000 in damages promotes "[j]udicial economy and the essential purpose of Congress—to close the federal courthouse doors to small-dollar diversity lawsuits").

Plaintiff's complaint is "ambiguous . . . as to the precise amount in controversy." See Arter, 2014 WL 7426792, at *2. Plaintiff alleges that she sustained "severe and serious injuries" and incurred damages "in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction" (Compl. ¶¶ 9, 13)—in other words, in excess of $25,000. See N.Y. City Civ. Ct. Act § 202. The complaint does not, however, specify exactly what damages Plaintiff seeks. See Yong Qin Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010) (noting that "New York's rules of civil procedure prohibit a plaintiff from pleading a specific monetary demand . . . where the complaint alleges personal injury" (citing N.Y. C.P.L.R. 3017(c))). The parties' subsequent stipulation that Plaintiff seeks no more than $74,999 in damages both is legally binding on her, see Standard Fire Ins. Co., 568 U.S. at 595-96, and clarifies what was

previously an ambiguous amount in controversy. Accordingly, this stipulation suffices to divest the court of subject-matter jurisdiction over this case.

The parties' joint motion to remand this case (Dkt. 10) is therefore GRANTED. See 28 U.S.C. § 1447(c). The court remands this case to the New York Supreme Court, Queens County (Index No. 11632/2017).

SO ORDERED.

Dated: Brooklyn, New York
   May 25, 2018

                s/Nicholas G. Garaufis
                NICHOLAS G. GARAUFIS
                United States District Judge